Spittal's remaining contentions lack merit.

**AFFIRMED.**

George **SPITTAL**, Plaintiff–Appellant,

v.

William B. **SHUBB**; et al., Defendants–Appellees.

No. 06–15248.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 16, 2007.

George Spittal, Sacramento, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael W. Pott, Brendan J. Begley, Esq., Justin Neal Telford, Esq., Porter Scott Weiberg & Delehant, Office of the U.S. Attorney, Sacramento, CA, for Defendants-Appellees.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

### MEMORANDUM **

George Spittal appeals pro se from the district court's orders dismissing his 42 U.S.C. § 1983 action alleging school district officials retaliated against him, in violation of the First Amendment, when they removed him from his substitute teaching assignment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's judgment, *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 927 (9th Cir.2006), and we affirm.

The district court properly dismissed the claims against the federal judges who ruled against Spittal. *See Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir.2000) (holding that judges are immune "from liability for damages for acts committed within their judicial jurisdiction") (quotation marks and citation omitted).

The district court properly dismissed the claims against the Superintendent of the Sacramento City Unified School District because Spittal did not allege that she knew of the alleged retaliation before it happened. *See Hydrick v. Hunter*, 466

F.3d 676, 689 (9th Cir.2006) ("[T]here is no pure *respondeat superior* liability under § 1983 . . . .").

The district court properly concluded that Spittal's private conversation with another teacher regarding a student throwing pencils in the classroom was not constitutionally protected. *See Weeks v. Bayer*, 246 F.3d 1231, 1234-35 (9th Cir.2001) (noting that content, form, and context of speech determine whether it relates to a matter of public concern).

Spittal's remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

